## IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | | |
|---|---|---|
| **DALE WILLIAMS** | § | |
| | § | **CIVIL ACTION NO.** |
| | § | |
| **v.** | § | |
| | § | |
| | § | **JURY DEMANDED** |
| | § | |
| **UNIMARK TRUCK TRANSPORT, LLC** | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

NOW COMES DALE WILLIAMS, hereinafter referred to as Plaintiff, complaining of UNIMARK TRUCK TRANSPORT, LLC, hereinafter referred to as Defendant, and for cause of action would respectfully show unto the Court and jury the following, to-wit:

1.    Plaintiff is a citizen of Henderson, Rusk County, Texas.

2.    Defendant, UNIMARK TRUCK TRANSPORT, LLC is a Wisconsin Limited Liability Company licensed to do business in the State of Texas and may be served with process by serving it's registered agent for the State of Texas, Corporation Service Company d/b/a CSC – Lawyers Incorporating Service Company, 211 E. 7th Street, Ste 620, Austin, Texas 78701-3218 by certified mail return receipt requested.

### JURISDICTION AND VENUE

3.    The court has proper jurisdiction over this case pursuant to 28 U.S.C. §1332 of the United States Code.   Diversity of citizenship exists in connection with this case and the amount of controversy is in excess of seventy-five thousand ($75,000.00) dollars, exclusive of interest and costs.

4.    Venue is proper in this case pursuant to 28 U.S.C. §1391(a)(2) in that all or a substantial amount of the occurrence in question took place in the Eastern District of Texas.

## STATUTE OF LIMITATIONS

5.    Plaintiff alleges this lawsuit has been filed within the time period of the appropriate statute of limitations from the date of the occurrence.   In the alternative, Plaintiff alleges the statute of limitations is tolled because this lawsuit has been filed within two (2) years of the date Plaintiff knew or should have known of the existence of a cause of action, or any delay is the result of direct threats or fraud on the part of the Defendant.

## FACTS OF THE CASE

6.    Plaintiff would show that on or about April 30, 2016, Plaintiff DALE WILLIAMS was operating his motor vehicle on FM 2253 in Bowie County, Texas, when a vehicle owned and operated, or in the alternative, leased by Defendant pursuant to 49 USC 14102/49 C.F.R. 376, et seq., and operated by Defendant's statutory employee, MICHAEL DALE LANG, failed to yield the right of way to Plaintiff causing the collision.   Plaintiff would show that due to the collision, DALE WILLIAMS sustained severe and disabling injuries.

7.    Plaintiff would further show that at the time of the accident made the basis of this lawsuit and all times material hereto, MICHAEL DALE LANG, was a statutory employee working in the course and scope of his employment for Defendant.

## CAUSE OF ACTION

8.    Plaintiff alleges that the Defendant, through the acts and omissions of its statutory employee, MICHAEL DALE LANG, was negligent, and such negligence was a proximate cause of the incident and injuries in question.   Plaintiff's resulting injuries and damages were

proximately caused by one or more of the following acts of negligence:

1. Failing to maintain a proper lookout.

2. Failing to yield right-of-way to Plaintiff's vehicle.

3. In failing to keep such a lookout as would have been kept by a person exercising ordinary care and prudence under the same or similar circumstances.

4. In failing to maintain an assured clear distance between Defendant's vehicle and Plaintiff's vehicle as would have been done by a person exercising ordinary care and prudence under the same or similar circumstances.

5. In failing to maintain a safe distance between Defendant's vehicle and Plaintiff's vehicle as would have been done by a person exercising ordinary care and prudence under the same or similar circumstances.

6. In failing to watch out for traffic in front of Defendant's vehicle as would have been done by a person exercising ordinary care and prudence under the same or similar circumstances.

7. In failing to stop at a stop sign as required by law.

8. MICHAEL DALE LANG was negligent in other respects.

9.   Plaintiff alleges that the acts and omissions by Defendant MICHAEL DALE LANG

violated statutory law and regulations and gives rise to negligence per se, which was a proximate

cause of the incident and injuries in question in one or more of the following ways:

a.   In violating Texas Transportation Code §545.152, which provides, "to turn left into an intersection or into an alley or private road or driveway, an operator shall yield the right of way to a vehicle that is approaching from the opposite direction and that is the intersection or in such proximity to the intersection as to be an immediate hazard," which constituted negligence per se.

b.   In violating Texas Transportation Code §545.151(1), which provides, "an operator approaching an intersection: (1) shall stop, yield, and grant immediate use of the of the intersection in obedience to an official

traffic-control device, including a stop sign or yield right-of-way sign," which constituted negligence per se.

c.      In violating Texas Transportation Code §545.402, which provides, "an operator may not begin movement of a stopped, standing, or parked vehicle unless the movement can be made safely," which constituted negligence per se.

## RESPONDEAT SUPERIOR

10.      Plaintiff would further show that at the time the accident made the basis of this lawsuit occurred, MICHAEL DALE LANG was a statutory employee and acting within the course and scope of his employment for the Defendant and in the furtherance of the business interest and pursuits of said Defendant.   In this regard, Plaintiff hereby invokes the doctrine of *respondeat superior* and therefore alleges and contends that each negligent act and/or omission on the part of MICHAEL DALE LANG, is imputed to the Defendant and Defendant is vicariously liable for all negligent and grossly negligent acts and/or omissions alleged herein to have been perpetrated by its statutory employee, MICHAEL DALE LANG.

## STATUTORY EMPLOYEE

11.      Plaintiff would further show that at the time the accident made the basis of this lawsuit occurred MICHAEL DALE LANG was and is considered a statutory employee of the Defendant pursuant to 49 U.S.C. §14102/49 C.F.R. 376.   In this regard, Plaintiff invokes 49 U.S.C. §14102/49 C.F.R. 376 and contends that Defendant is vicariously liable for all negligent and grossly negligent acts and/or omissions of its statutory employee driver MICHAEL DALE LANG.

## PERMISSIVE USE

12.      Plaintiff would further show that prior to the time the collision occurred, Defendant had

leased the vehicle being driven by Defendant's statutory employee, MICHAEL DALE LANG, and was in the possession, custody and control of the vehicle ultimately driven by its statutory employee on the date of the accident made the basis of this lawsuit.   On or about April 30, 2016 Defendant directed its statutory employee, MICHAEL DALE LANG, to use the vehicle in question for the purpose of operating it on the public streets and highways of Texas and, therefore, MICHAEL DALE LANG operated said vehicle with the knowledge, consent and permission of Defendant.

## NEGLIGENT ENTRUSTMENT

13.    Plaintiff would further show that Defendant had custody and control of the vehicle that was being driven by its statutory employee, MICHAEL DALE LANG, at the time of the accident made the basis of this lawsuit.   Plaintiff would also show that Defendant was negligent in entrusting the vehicle to MICHAEL DALE LANG who was a careless, incompetent and reckless driver.   Defendant knew or should have known that its statutory employee, MICHAEL DALE LANG, was a careless, incompetent and reckless driver.   Plaintiff would further show that the Defendant, in entrusting the vehicle to MICHAEL DALE LANG was negligent in entrusting the vehicle to its statutory employee, MICHAEL DALE LANG, which in turn was a proximate cause of the collision and the accident made the basis of this lawsuit and the resulting injuries and damages to Plaintiff.

## NEGLIGENT HIRING, TRAINING, RETENTION AND CONTROL

14.    Plaintiff further alleges that Defendant, through its acts and/or omissions, was negligent, and such negligence was a proximate cause of the accident and injuries in question.   Plaintiff's resulting injuries and damages were proximately caused by one or more of the following acts of

negligence on the part of Defendant, to-wit:

     a.      In hiring and/or retaining its statutory employee driver, MICHAEL DALE LANG;

     b.      In allowing and/or requiring its statutory employee, MICHAEL DALE LANG, to drive the vehicle in question;

     c.      In failing to instruct, supervise, and control MICHAEL DALE LANG;

     d.      In allowing and/or requiring MICHAEL DALE LANG to drive the vehicle in question when it was unsafe for him to do so under the circumstances; and

     e.      In failing to properly train its statutory employee, MICHAEL DALE LANG.

## MALICE

15.    Plaintiff further alleges that the Defendant, by and through its acts and/or omissions, and through the acts and/or omissions of its statutory employee driver, Defendant, MICHAEL DALE LANG as set out and plead for above and below, exceeded the test for negligence and committed acts and/or omissions of malice that amounted to more than momentary thoughtlessness, inadvertence or error of judgment.  Plaintiff alleges that said acts and/or omissions amounted to such an entire want of care as to establish that the act or omission was the result of actual conscious indifference to the rights, safety or welfare of Plaintiff.  Plaintiff further alleges that Defendant's acts and/or omissions of gross negligence created an extreme degree of risk to Plaintiff.  Plaintiff further alleges that the Defendant's acts and/or omissions of malice, when viewed objectively from the standpoint of the Defendant at the time of its occurrence, involved an extreme degree of risk considering the probability and magnitude of potential harm to others, including Plaintiff.  Plaintiff further alleges that Defendant had actual subjective awareness of the risk involved but, nevertheless, preceded with conscious indifference to the rights, safety and

welfare of Plaintiff.   In this regard, Plaintiff therefore seeks punitive and/or exemplary damages.

## DAMAGES

16.   Plaintiff's damages include past, and probable future loss, which includes:

    (a)    pain and mental anguish;

    (b)    loss of earnings and earning capacity;

    (c)    physical impairment;

    (d)    disfigurement; and

    (e)    necessary medical, psychological, psychiatric, therapeutic, pharmaceutical and hospital care, including rehabilitative services and devices.

17.   Plaintiff alleges that the accident made the basis of this lawsuit, and Plaintiff's injuries and resulting damages were proximately caused as a result of the wrongful conduct and negligent conduct of Defendant as alleged and set forth herein.

18.   Plaintiff alleges that his damages exceed the minimum jurisdictional limits of this Court.

    WHEREFORE, PREMISES CONSIDERED, Plaintiff prays for issuance of service of citation upon Defendant for actual damages, costs of Court, prejudgment and post-judgment interest, punitive and/or exemplary damages, attorney's fees, and such other and further relief, general and special, legal and equitable to which Plaintiff may be justly entitled.

Respectfully submitted,

LUKE BICKHAM, P.C.
Two Energy Square
4849 Greenville Avenue
Suite 1350
Dallas, Texas 75206
Telephone: (903) 533-8820
luke@lukebickham.com

By: /s/ *Luke F. Bickham*
      LUKE BICKHAM
      State Bar No. 00787080

ATTORNEY IN CHARGE